UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**Marcus Harrison,**

Plaintiff,

v.                                                    **No. 4:23-cv-0422-P**

**H. Partain, et al.,**

Defendants

## OPINION AND ORDER

The Court has considered the motion of Defendants Sgt. D. Sanders, Sgt. B. Lewis, Cpl. P. Hollie, Ofc. S. Diaz, Ofc. T. McGullam, Ofc. A. Orozco, Jr., Ofc. A. Rosales, Ofc. G. Tassin, Ofc. D. Valenciana, and Ofc. J. Garcia to dismiss, the response of Plaintiff, Marcus Harrison,[1] the reply, the record, and applicable authorities, and concludes that the motion must be **GRANTED**.

## BACKGROUND

Plaintiff filed a complaint naming 26 defendants, all appearing to be employed at the Tarrant County jail. ECF No. 1. Because he had not alleged sufficient facts for the Court to determine whether he should be allowed to pursue his claims, the Court required him to file an amended complaint. ECF No. 8. Plaintiff did so, naming fourteen Defendants. ECF No. 9. The Court allowed him to proceed with his claims against twelve of them and dismissed the claims against two others, making the dismissal of those claims final. ECF Nos. 10, 11. Ten of the Defendants have answered and filed a motion to dismiss. ECF Nos. 15, 16. The marshal was unable to serve the remaining two, Defendants FNU Munoz and H. Partain. ECF No. 19. The Court ordered Plaintiff to provide information necessary to accomplish service of the summons

---

[1] Plaintiff's response is titled "Motion to Dismiss Defendants Claim of Qualified Immunity." ECF No. 28.

and amended complaint of those Defendants, cautioning that failure to do so might result in the dismissal of Plaintiff's claims against them. ECF No. 21. To date, he has failed to do so, despite an extension of time. ECF No. 23.

In sum, Plaintiff alleges that on or about February 5, 2022, while he was incarcerated in the Tarrant County Jail, in retaliation for an earlier request for grievance forms, he was falsely accused of starting a tray-throwing incident. As a result, officers threw him to the ground, sprayed him with pepper spray, and put handcuffs on him so tightly that he suffered injuries. He was denied medical attention.

Movants filed a motion to dismiss, alleging primarily that Plaintiff has not pleaded sufficiently to overcome their entitlement to qualified immunity. ECF No. 15. The Court ordered Plaintiff to file a *Schultea*[2] pleading and allowed Movants to file a supplement to their motion to dismiss. ECF No. 20. Plaintiff filed his *Schultea* response. ECF No. 24. Movants filed a supplement to their motion, ECF No. 25, and Plaintiff filed his response. ECF No. 28. Movants have replied. ECF No. 29.

## APPLICABLE LEGAL PRINCIPLES

### A.     Rights of Pretrial Detainees

The constitutional rights of a pretrial detainee flow from the procedural and substantive due process guarantees of the Fourteenth Amendment. *Garza v. City of Donna*, 922 F.3d 626, 632 (5th Cir. 2019). Under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Punishment includes deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Thompson v. Upshur Cnty.*, 245 F.3 447, 457 (5th Cir. 2001). It also includes the use of excessive force that amounts to punishment. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).

For deliberate indifference to rise to the level of a constitutional violation, the plaintiff must establish that an individual defendant knew of and disregarded an excessive risk to the plaintiff's health or safety.

---

[2] *Schultea v. Wood*, 47 F.3d 1427, 1433–34 (5th Cir. 1995).

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994). That is, the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* A defendant's "failure to alleviate a significant risk that he should have perceived but did not" does not constitute a constitutional violation. *Id.* at 838. "[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. Rather, the plaintiff must show that the defendant acted with subjective deliberate indifference. *Hare v. City of Corinth*, 74 F.3d 633, 648–49 (5th Cir. 1996) (*en banc*) (discussing *Farmer*). Deliberate indifference is an extremely high standard to meet. *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

In an excessive force case, a pretrial detainee need only show that the force purposely or knowingly used against him was objectively unreasonable. *Kingsley*, 576 U.S. at 397. The court makes this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not in hindsight. *Id.* "The calculus of reasonableness must embody allowance for the fact that [] officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham v. Connor*, 490 U.S. 386, 396–97 (1989). Further, the court must defer to policies and practices that in the judgment of jail officials are needed to preserve order and discipline and maintain institutional security. *Kingsley*, 576 U.S. at 397. Factors that may bear on the reasonableness of the force used include:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat of reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.*

3

**B.    Qualified Immunity**

Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). For a right to be "clearly established" the right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991); *Anderson*, 483 U.S. at 639–40. In *Harlow*, the Court explained that a key question is "whether that law was clearly established at the time an action occurred" because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818. More recently, the Court has clarified that the "violative nature of the *particular* conduct [must be] clearly established." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). Although Supreme Court precedent does not require a case directly on point, existing precedent must place the statutory or constitutional question beyond debate. *White v. Pauly*, 580 U.S. 73, 79 (2017). That is, the clearly established law upon which the plaintiff relies should not be defined at a high level of generality but must be particularized to the facts of the case. *Id.* Thus, the failure to identify a case where an officer acting under similar circumstances was held to have violated a plaintiff's rights will most likely defeat the plaintiff's ability to overcome a qualified immunity defense. *Id.* at 79–80.

In assessing whether the law was clearly established at the time, the court is to consider all relevant legal authority, whether cited by the parties or not. *Elder v. Holloway*, 510 U.S. 510, 512 (1994). If public officials of reasonable competence could differ on the unlawfulness of the defendant's actions, the defendant is entitled to qualified immunity. *Mullenix*, 577 U.S. at 11; *Malley v. Briggs*, 475 US. 335, 341 (1986);

*Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992). A mistake in judgment does not cause an officer to lose his qualified immunity defense. Rather, the qualified immunity defense protects "all but the plainly incompetent or those who knowingly violate the law." *Hunter*, 502 U.S. at 229 (quoting *Malley*, 475 U.S. at 343). Further, that the officer himself may have created the situation does not change the analysis. That he could have handled the situation better does not affect his entitlement to qualified immunity. *Young v. City of Killeen*, 775 F.2d 1349, 1352–53 (5th Cir. 1985). And, "an allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." *Malley*, 475 U.S. at 341.

When a defendant relies on qualified immunity, the burden is on the plaintiff to negate the defense. *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010); *Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994) (abrogation of qualified immunity is the exception, not the rule). In sum, to prevail when a defense of qualified immunity is asserted, the plaintiff must show (1) what the clearly established law at the time required in the particular circumstances and (2) that the defendant violated that clearly established law. The court may rest its analysis on either prong. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Both must be satisfied and if the plaintiff fails to establish either one, the court need not consider the other. *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020); *King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016). A plaintiff does not satisfy his burden by conclusory allegations based on speculation or unsubstantiated assertions of wrongdoing; he must point to specific evidence in the record. *Mitchell v. Mills*, 895 F.3d 365, 370 (5th Cir. 2018); *Williams-Boldware v. Denton Cnty.*, 741 F.3d 635, 643–44 (5th Cir. 2014).

## ANALYSIS

As a preliminary matter, Movants point out that Plaintiff cannot proceed with his claims based on alleged falsified statements in a disciplinary charge against him since he has not shown that the charge has been resolved in his favor. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Ordaz v. Martin*, 5 F.3d 529, 1993 WL 373830, at *6 (5th Cir. 1993). As best the Court can tell, Plaintiff admits that he was given a

fair hearing on the disciplinary charge, that he was found guilty and punishment imposed, and the discipline has not been overturned. ECF No. 24 at 10 of 23.[3]

Movants also note that a prisoner does not have a federally-protected liberty interest in having a grievance investigated or resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). *See also Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011) (no constitutional right to a grievance procedure at all); *Giddings v. Valdez*, No. 3:06-CV-2384-G, 2007 WL 1201577, at *3 (N.D. Tex. Apr. 24, 2007) (any claim arising from alleged failure to investigate grievances is indisputably meritless). The Court understands Plaintiff's response to be an argument about the need for a grievance system and what might happen without one. ECF No. 28 at 7–8. As best the Court can tell from the pleadings, however, Plaintiff has been able to file grievances on numerous occasions and nothing has prevented him from presenting his claims to the Court.[4] The alleged threat that Plaintiff would not be able to file grievances or have them processed does not raise a constitutional claim. *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (mere allegations of verbal abuse do not present actionable claims under § 1983); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (mere threatening language and gestures of custodial officer do not, even if true, amount to constitutional violation).

With regard to the grievance procedure, Plaintiff also says he is "showing a conspiracy to suppression [sic] inmates from filing complaints against bad acter [sic] officers." ECF No. 28 at 7. To prevail on a claim of civil conspiracy requires the plaintiff to establish (1) an actual violation of a constitutional right and (2) that the defendants acted in concert with the specific intent to violate that right. *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994); *Gillum v. City of Kerrville*, 3 F.3d 117, 123 (5th Cir. 1993) (plaintiff must prove actual deprivation;

---

[3] The Court notes that Plaintiff's pages were not filed in the order he numbered them and his page number 10 is ECF page 15 of 23.

[4] Access to the courts is not prevented or hindered by interference with the grievance process, because exhaustion of remedies is presumed in cases where prison officials ignore grievances or interfere with the grievance process. *Johnson v. Cheney*, 313 F. App'x 732, 733 (5th Cir. 2009).

conspiracy to deprive is insufficient). To plead such a claim requires specific facts; mere conclusory allegations will not suffice. *Priester v. Lowndes Cnty.*, 354 F.3d 414, 423 (5th Cir. 2004); *Covarrubias v. Wallace*, 907 F. Supp. 2d 808, 819 (E.D. Tex. 2012) (citing *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986)). That is, Plaintiff must allege the operative facts of the conspiracy based on substantial and affirmative allegations, not a "mere gossamer web of conclusion or inference." *Crummer Co. v. Du Pont*, 223 F.2d 238, 245 (5th Cir. 1955). Plaintiff has failed to do so.

Plaintiff also refers to the violation of policies and alleged ethical breaches. But allegations of failure to follow rules and regulations, without more, do not give rise to constitutional violations. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Quaak v. Yeager*, No. Civ. A. H-11-2100, 2012 WL 950183, at *7 (S.D. Tex. Mar. 19, 2012). The allegations that Defendants are bad actors do not state a claim.

Movants filed a specific answer to Plaintiff's claims, alleging in detail what each of them did at particular times. Plaintiff's supplemental pleading does not respond to the particular facts asserted in the answer other than to make conclusory allegations regarding corruption and ethical lapses of the officers. In particular, Plaintiff does not dispute that there was a tray-throwing disturbance and that he refused to comply with orders to allow himself to be handcuffed. Jail officials are justified in using force in a good-faith effort to maintain or restore discipline when a prisoner refuses to cooperate with directives. *Gonzales v. Rowe*, No. 5:20-CV-052-BQ, 2020 WL 4811005, at *3 (N.D. Tex. July 27, 2020) (citing *Minix v. Blevins*, No. 6:06-CV-306, 2007 WL 1217883, at *24 (E.D. Tex. Apr. 23, 2007) (even when prisoner believes an order is unjustified or improper, he does not have the right to disobey); *Calhoun v. Wyatt,* No. 6:11-CV-4, 2013 WL 1882367, at *6 (E.D. Tex. May 2, 2013). Courts have consistently concluded that using pepper spray is reasonable where a plaintiff refuses to comply with directives. *See, e.g.*, *Thomas v. Cagel*, No. 4:21-CV-692-P, 2022 WL 17586547, at *7 (N.D. Tex. Oct. 17, 2022), *report and recommendation adopted*, 2022 WL 17584425 (N.D. Tex. Dec. 12, 2023), *appeal dism'd*, No. 23-10045, 2023 WL 4546548 (5th Cir. Feb. 22, 2023); *Piper v. Preston*, No. 5-15-CV-

00771-FB-RBF, 2018 WL 3193819, at *6 (W.D. Tex. June 28, 2018); *Calhoun*, 2013 WL 1882367, at *6. Plaintiff has not shown that the use of pepper spray was objectively unreasonable.

With regard to medical care, Plaintiff does not deny that he was seen by a nurse after being placed in a shower for ten minutes or that he never filed a grievance regarding denial of medical care after the incident in question. That Plaintiff disagreed with the medical care he was provided, arguing that he should have been seen by a doctor instead of a nurse, does not amount to deliberate indifference to serious medical needs. *Domino*, 239 F.3d at 756.

## ORDER

The motion to dismiss is **GRANTED** and Plaintiff's claims against Movants are **DISMISSED** pursuant to the authority of 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The claims against Defendants Partain and Munoz are **DISMISSED** for want of prosecution.[5]

**SO ORDERED** on this **15th day** of **September 2023.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[5] The Court notes that, for the reasons discussed in this Opinion and Order, it does not appear that Plaintiff could go forward with his claims against these Defendants in any event.

8